UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARC MUCCI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:19-CV-01868-NCC |
| v. | ) |
| | ) |
| ST. FRANCOIS COUNTY | ) |
| AMBULANCE DISTRICT, | ) |
| DAVID TETRAULT, DAVID KATER, | ) |
| SONJA HAMPTON, SUSIE WEBB, | ) |
| RON KENNON, LAURA MORAN, | ) |
| and STAN SOUDEN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants St. Francois County Ambulance District, David Tetrault, David Kater, Sonja Hampton, Susie Webb, Ron Kennon, Laura Moran, and Stan Souden's (collectively "Defendants") Motion to Dismiss (Doc. 13). The Motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1) (Doc. 17). For the following reasons, Defendants' Motion will be **GRANTED, in part** and **DENIED, in part**.

### I. Legal Standard for a Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 1999).

## II. Background

On July 1, 2019, Plaintiff Marc Mucci ("Mucci") filed this six-count action pursuant to 42 U.S.C. § 1983, the Missouri Constitution, and Missouri state law against St. Francois County Ambulance District ("the District") and David Tetrault, David Kater, Sonja Hampton, Susie Webb, Ron Kennon, Laura Moran, and Stan Souden (the "Individual Defendants") (Doc. 1). David Tetrault ("Tetrault") is the Administrator of the District (*Id.* at ¶8). The remaining Individual Defendants are members of the District's Board (*Id.* at ¶¶9-14). The Individual Defendants are sued in their individual and official capacities. Mucci alleges that he was wrongfully terminated after speaking at a public meeting of the District's Board in violation of his right to free speech (Count I), right to freedom of association (Count II), and rights to free speech, freedom of assembly/association, and collective bargaining under the Missouri

2

Constitution (Count III). Mucci further alleges that his termination constitutes unlawful retaliation in violation of the right of freedom of association under Missouri Revised Statute § 105.500, *et seq.* (Count IV), unlawful disciplinary action in violation of Missouri Revised Statute § 105.055, *et seq.* (Count V), and wrongful discharge in violation of Missouri public policy (Count VI). Mucci seeks monetary, injunctive and declaratory relief.

The relevant facts, in the light most favorable to Mucci, are as follows. Mucci was employed by the District as a paramedic. Mucci was, at the time of the events underlying the current action, and continues to be, through December 31, 2020, the elected President of the International Association of Fire Fighters, Local 3705 ("the Union"), a labor association representing the emergency medical technicians and paramedics of the District. At a public District Board meeting on November 26, 2018, Mucci, acting in his role as President of the Union, raised several issues to the District's Board. After this meeting, Mucci was placed on administrative leave, was forced to undergo a mental health evaluation, and was ultimately terminated.

On August 30, 2019, Defendants filed the current Motion to Dismiss Counts III, IV, V, and VI of Mucci's Complaint (Doc. 12). Defendants assert that Count III fails to state a claim upon which relief can be granted (Doc. 13 at 2-5). Defendants argue that Count IV fails as a matter of law and should be dismissed because Mucci cannot bring a civil action for damages pursuant to Missouri Revised Statute § 105.510 (*Id.* at 5). Defendants assert that Count V against the Individual Defendants fails because they are not a "public employer" under Missouri Revised Statute § 105.055 (*Id.* at 5-7). Defendants alternatively assert that any claims against the Individual Defendants in their official capacities are redundant of the claims against the District

3

and should be dismissed (*Id.* at 7).[1] Defendants assert that Count VI fails as a matter of law under the Whistleblower's Protection Act ("WPA") because the WPA preempts the common law public policy exclusion to the at-will employment doctrine and neither the District or the Individual Employees are "employer[s]" under the statutory scheme (*Id.* at 7-8). Defendants further assert that if the Court were to determine the WPA does not apply to Mucci's claims then they fail under the common law because Mucci's claim against the District would be barred by sovereign immunity and Mucci's claims against the Individual Defendants are insufficient because Missouri courts require an employee-employer relationship to establish a claim under the public policy exception and the Individual Defendants are not Mucci's employer (*Id.* at 9-10).

### III. Analysis

**A. Count III: Violations of Missouri Constitutional Law**

First, Defendants assert that Count III fails to state a claim upon which relief can be granted as a matter of law (Doc. 13 at 2-5). In Count III, Mucci alleges the violation of his rights to free speech and freedom of association under Sections 8 and 9 of Article I of the Missouri Constitution and to bargain collectively under Section 29 of Article I of the Missouri Constitution (Doc. 1 at 17-19). Defendants argue that Mucci failed to allege "that any Defendant passed any law" to infringe Mucci's right to free speech, that Mucci failed to allege that any Defendant interfered with Mucci's right to peaceably assemble in any way, and that Mucci failed to allege that any Defendant interfered with Mucci's right organize and bargain collectively

---

[1] Defendants appear to raise this assertion regarding the official capacity claims against the Individual Defendants as to Count V alone and accordingly the Court will only address the official capacity argument when addressing Count V.

(Doc. 13 at 3). Mucci responds, disclaiming any "tort damages" as to this Count and asserting that he has properly and sufficiently alleged violations of the Missouri Constitution (Doc. 20 at 5-7).

The Missouri Bill of Rights, encompassed in Article I of the Missouri Constitution, includes the rights to freedom of speech, peaceable assembly and petition, and organized labor and collective bargaining. Specifically, under Article I, Section 8 of the Missouri Constitution, "[N]o law shall be passed impairing the freedom of speech." Article I, Section 9 provides a right to assembly, stating, "[T]he people have the right peaceably to assemble for their common good, and to apply to those invested with the powers of government for redress of grievances by petition or remonstrance." The rights to free speech and assembly under Article I, Sections 8 and 9 track the corresponding rights under the First Amendment of the United States Constitution. *See Am. Fed'n of Teachers v. Ledbetter*, 387 S.W.3d 360, 364 (Mo. 2012). As such, "[p]ublic employee speech is protected from retaliation, in certain circumstances, if the speech addresses a matter of public concern." *Bailey v. Dep't of Elementary & Secondary Educ.*, 451 F.3d 514, 518 (8th Cir. 2006). *See also Mogard v. City of Milbank*, 932 F.3d 1184, 1189 (8th Cir. 2019) ("A public employee's speech is protected under the First Amendment if he spoke as a citizen on a matter of public concern . . . .") (internal quotation marks omitted). Similarly, a public employee is authorized to engage in union activities and is protected from retaliation for his associations. *Serv. Employees Int'l Union Local 2000 v. State*, 214 S.W.3d 368, 372 (Mo. Ct. App. 2007). A right to collective bargaining is established in Article I, Section 29 of the Missouri Constitution. It states, "[t]hat employees shall have the right to organize and to bargain collectively through representatives of their own choosing." Section 29 protects an employee from any coercive

5

conduct by the employer, including threats of discharge or changes in compensation, hours of work and other working conditions, which denies the employee the right to organize and choose collective bargaining representatives. *Quinn v. Buchanan*, 298 S.W.2d 413, 417, 418 (Mo. banc 1957).

As a preliminary matter, the Missouri General Assembly has not enacted any law similar to 42 U.S.C. § 1983 that gives citizens a private cause of action to sue state actors for damages for violations of the Missouri Constitution. *Smith v. Sachse*, No. 4:17-CV-2593 SPM, 2018 WL 3159081, at *7 (E.D. Mo. June 28, 2018). *See also Moody v. Hicks*, 956 S.W.2d 398, 402 (Mo. Ct. App. 1997) ("[N]o Missouri precedent exists permitting suits for monetary damages by private individuals resulting from violations of the Missouri Constitution."); *Collins-Camden P'ship, L.P. v. Cty. of Jefferson*, 425 S.W.3d 210, 214 (Mo. Ct. App. 2014) ("No Missouri precedent exists permitting suits for monetary damages by private individuals resulting from violations of the Missouri Constitution."). An exception to this general rule appears to be in the context of Article I, Section 29 of the Missouri Constitution where the Missouri Supreme Court has found that a wrongful discharge under this provision entitles an employee to damages. *Ledbetter*, 387 S.W.3d at 372 (citing *Smith v. Arthur C. Baue Funeral Home*, 370 S.W.2d 249, 254 (Mo. 1963)). Regardless, as addressed above, Mucci has specifically disclaimed any damages as it relates to this count.

Mucci has sufficiently alleged a claim for the violation of his right to free speech, right to freedom of association/assembly, and right to collective bargaining under the Missouri Constitution. Mucci alleges that after engaging in protected activity in the form of speech and assembly on matters of public concern in furtherance of his role in collective bargaining as

President of the Union, he was harassed, required to undergo a fitness for duty examination, placed on administrative leave, and terminated from his employment in retaliation for these protected activities. It is well-established, as alleged by Mucci, that an employer may not discharge an employee for engaging in union activities, for speaking on matters of public concern, or based on the employee's associations. *Strinni v. Mehlville Fire Prot. Dist.*, 681 F. Supp. 2d 1052, 1077-78 (E.D. Mo. 2010). Therefore, the Court will dismiss the damages claims but otherwise deny Defendants' Motion as to Count III.

**B. Count IV: Unlawful Retaliation**

Defendants argue that Count IV fails as a matter of law and should be dismissed because Mucci cannot bring a civil action for damages pursuant to Missouri Revised Statute § 105.510 (Doc. 13 at 5). In response Mucci disclaims any "tort damages" as to this Count but does not otherwise address Defendants' assertion that the Count should be dismissed (*See* Doc. 20). Neither party addresses whether Mucci can maintain a claim for injunctive relief under this statutory scheme.

The Court finds that Mucci has failed to sufficiently allege a claim for unlawful retaliation in Count IV. In this count, Mucci alleges that his termination was unlawful retaliation in violation of the right of freedom of association under Missouri Revised Statute § 105.500, *et seq.* (Doc. 1 at 19-20). Mucci specifically cites to Missouri Revised Statue § 105.510 for the proposition that a public employee such as Mucci may not be discharged because of his exercise of his right to join a labor union. Indeed, Missouri Revised Statute § 105.510 states, in relevant part, "Employees . . . shall have the right to form and join labor organizations. . . . No such employee shall be discharged . . . because of his exercise of such right. . . ." The statute, created

7

by the "Public Sector Labor Law" in 1965, purports to extend the right of Article I, Section 29 to certain public employees and establishes the procedure for creating a labor organization and for collective bargaining. *See Indep.-Nat. Educ. Ass'n v. Indep. Sch. Dist.*, 223 S.W.3d 131, 135-136 (Mo. 2007) (detailing the statute's history). The law was passed largely to address the Missouri Supreme Court's contrary interpretation of Article I, Section 29 that public employees were not covered by the constitutional provision. *Id.* (citing to and overruling *City of Springfield v. Clouse*, 206 S.W.2d 539, 542 (Mo. 1947)).[2] However, under the statutory framework, as clarified by modification in August 2018, a right of action separate and apart from a cause raised under section 29 was not created by the statutory scheme to address the allegedly unlawful termination of a public employee for exercising his or her right to join a labor organization. Pursuant to Missouri Revised Statute § 105.595 titled "Civil actions for violations," "Whenever it shall appear that . . . any public body or representative of a public body has violated or is about to violate any of the provisions of sections 105.570 to 105.590, . . . any citizen of the state of Missouri may bring a civil action for such relief, including injunctive relief, as may be appropriate." Sections 105.570 to 105.590 establish the procedure for creating a labor organization and for collective bargaining. *Nichols v. City of Kirksville*, 68 F.3d 245, 248 (8th Cir. 1995) ("The Missouri courts have held, however, that these statutes 'merely provide a procedural vehicle for assertion by [public employees] of their constitutional rights to peaceably assemble and to petition for redress of grievances.'") (quoting *Curators of the University of Missouri v. Public Service Employees Local No. 45*, 520 S.W.2d 54, 58 (Mo. banc 1975)). As

---

[2] In 2007, the Missouri Supreme Court overruled its prior decision, finding that under the plain language of Article I, Section 29, public employees also have the right to organize and to bargain collectively. *Indep. Sch. Dist.*, 223 S.W.3d at 137.

Mucci does not raise any claims regarding the procedures established by statute for creating a labor organization or for collective bargaining, Count IV cannot stand alone and must necessarily fail. Therefore, the Court will grant Defendants' Motion as to this claim and dismiss Count IV.

**C. Count V: Unlawful Disciplinary Action**

Defendants assert that Count V against the Individual Defendants fails because the Individual Defendants are not "public employers" under Missouri Revised Statute § 105.055 (Doc. 13 at 5-7). Defendants alternatively assert that any claims against the Individual Defendants in their official capacities are redundant of the claims against the District and should be dismissed (*Id.* at 7). Conversely, Mucci urges the Court to construe the statutory language to include the Individual Defendants as agents of the District exerting the Government's power to take personnel action against Mucci (Doc. 20 at 8).

The Court finds that Mucci has failed to sufficiently allege a claim for unlawful disciplinary action in Count V. In this count, Mucci alleges that his termination was unlawful disciplinary action in violation of Missouri Revised Statue § 105.055 (Doc. 1 at 21-23). Missouri Revised Statue § 105.055.2 states:

> No supervisor or appointing authority of any public employer shall prohibit any employee of the public employer from discussing the operations of the public employer, either specifically or generally, with any member of the legislature, state auditor, attorney general, a prosecuting or circuit attorney, a law enforcement agency, news media, the public, or any state official or body charged with investigating any alleged misconduct described in this section.

Mo. Rev. Stat. § 105.055. "[A] person who alleges a violation of this section may bring a civil action against the public employer for damages within one year after the occurrence of the alleged violation." Mo. Rev. Stat. § 105.055.7(1). A "public employer" is defined by the statute

9

as "any state agency or office, the general assembly, any legislative or governing body of the state, any unit or political subdivision of the state, or any other instrumentality of the state." Mo. Rev. Stat. § 105.055.1(3). Mucci cites to *Barrett v. Greitens*, 542 S.W.3d 370 (Mo. Ct. App. 2017) in support of his assertion that public employers include the Individual Defendants because they are agents of the District exerting the Government's power to take personnel action against Mucci (Doc. 20 at 8). *Barrett* does not support this proposition and is also inapplicable to the current situation. In *Barrett*, the Missouri Court of Appeals determined that a constitutional provision including the term "the sate and any of its agencies" applies to the Public Defender. 542 S.W.3d at 381 (Mo. Ct. App. 2017). Mucci correctly notes that the court's determination rested in part on the various definitions of "agency" including a definition of agency as "a person or thing through which power is exerted or an end is achieved: Instrumentality, Means." *Id.* (emphasis omitted). Mucci, however, fails to indicate that the court also included multiple other definitions of "agency" and was largely, if not exclusively, concerned with whether a governmental entity, the Public Defender, was an agency under the constitutional provision at issue. *Id.* The court concluded that the meaning of the term agency "includes every *entity* through which the state acts" and clarified that an agency "is not limited to executive department administrative agencies." *Id.* (emphasis added). Thus, under the plain language of the statute at issue here, the Court finds that the Individual Defendants are not "public employers" because they are individuals not entities. Therefore, the Court will grant Defendant's Motion as to the Individual Defendants and dismiss them from Count V.

**D. Count VI: Wrongful Discharge in Violation of Missouri Public Policy**

Defendants assert that Count VI fails as a matter of law because under the WPA, which

preempts the common law public policy exclusion to the at-will employment doctrine, neither the District nor the Individual Defendants are "employer[s]" (Doc. 13 at 7-8). Defendants further assert that if the Court were to determine the WPA does not apply to Mucci's claims then they fail under common law because Mucci's claim against the District would be barred by sovereign immunity and Mucci's claims against the Individual Defendants are barred because Missouri courts require an employee-employer relationship and the Individual Defendants are not Mucci's employer (*Id.* at 9-10). Mucci asserts that the common law framework for the public policy exception has not been precluded by the WPA and under that framework, the public policy exception applies here (Doc. 20 at 9).

The Court finds that Mucci has failed to sufficiently allege a claim for wrongful discharge in violation of Missouri public policy in Count VI. In Count VI, Mucci alleges that he was wrongfully discharged in violation of Missouri's public policy exception to the at-will employment doctrine (Doc. 1 at 23-24). The general rule in Missouri "is that an at-will employee may be terminated for any reason or no reason[.]" *Fleshner v. Pepose Vision Inst.*, *P.C.*, 304 S.W.3d 81, 92 (Mo. banc 2010). The at-will doctrine is limited in several respects including by a "very narrowly drawn" public-policy exception, often called the wrongful-discharge doctrine. *Margiotta v. Christian Hosp. Ne. Nw.*, 315 S.W.3d 342, 346 (Mo. banc 2010). Under the public-policy exception, an at-will employee may not be terminated for refusing wrongdoing or violations of public policy as expressed in the constitution, statutes, regulations promulgated pursuant to statute, or rules created by a governmental body. *Id.* To prevail on such a Missouri common law whistleblowing action, a plaintiff must demonstrate that: (1) he reported serious misconduct that constituted a violation of law and of well-established and

11

clearly-mandated public policy; (2) his employer discharged him; and (3) the report "causally contributed to the discharge." *Yerra v. Mercy Clinic Springfield Cntys.*, 536 S.W.3d 348, 351 (Mo. Ct. App. 2017) (citing *Van Kirk v. Burns McDonnell Eng'g Co., Inc.*, 484 S.W.3d 840, 844-45 (Mo. Ct. App. 2016)).

Effective August 28, 2017, the WPA provides that it "is intended to codify the existing common law exceptions to the at-will employment doctrine," "limit their future expansion by the courts," and "provide the exclusive remedy for any and all claims of unlawful employment practices." Mo. Rev. Stat. § 285.575.3. The WPA prohibits an employer from discharging an employee because that employee: (1) "reported to the proper authorities an unlawful act of his or her employer;" (2) "report[ed] to his or her employer serious misconduct of the employer that violates a clear mandate of public policy as articulated in a constitutional provision, statute, or regulation promulgated under statute;" or (3) "refused to carry out a directive issued by his or her employer that if completed would be a violation of the law." Mo. Rev. Stat. § 285.575.4. The WPA defines an "employer" as "an entity that has six or more employees" and excludes "the state of Missouri or its agencies, instrumentalities, or political subdivisions" including, relevant in the current action, "an individual employed by an employer." Mo. Rev. Stat. § 285.575.2(2).

Contrary to Mucci's assertion, the WPA explicitly replaces the common law cause of action. *Yerra*, 536 S.W.3d at 351 n.3; *Meehan v. PNC Fin. Servs. Grp., Inc.*, No. 4:17-CV-2876 PLC, 2018 WL 2117655, at *3 (E.D. Mo. May 8, 2018). As the alleged wrongful discharge and all of the conduct associated with it occurred after the WPA's enactment, the WPA preempts the common law claim. Thus, a claim for wrongful discharge cannot be brought against the District or the Individual Defendants as they are explicitly excluded from the definition of "employer"

12

under the WPA. State employees are protected from disciplinary action for "whistleblowing" under a different Missouri statute, Missouri Revised Statute § 105.055.2. Indeed, Mucci raises a claim pursuant to Missouri Revised Statute § 105.055.2 in Count V, addressed in detail above. Accordingly, the Court will grant Defendants' Motion as to this claim and dismiss Count VI.

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants St. Francois County Ambulance District, David Tetrault, David Kater, Sonja Hampton, Susie Webb, Ron Kennon, Laura Moran, and Stan Souden's Motion to Dismiss (Doc. 13) is **GRANTED, in part** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that any claims for damages as to Count III are **DISMISSED**.

**IT IS FURTHER ORDERED** that Count IV and Count VI are **DISMISSED**.

**IT IS FURTHER ORDERED** that Count V as to David Tetrault, David Kater, Sonja Hampton, Susie Webb, Ron Kennon, Laura Moran, and Stan Souden is **DISMISSED**.

Dated this 20th day of November, 2019.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE